Cohn, J.
The policy of insurance in this case provides for payment to the beneficiary for accidental death of the insured “ resulting directly and independently of all other causes from bodily injuries sustained * * * and effected solely through accidental means ”.
An unintentional fatal overdose of a sleeping potion may constitute accidental death (Mansbacher v. Prudential Ins. Co., 273 N. Y. 140). However, it is now settled that a state of *124 acute alcoholism which results in death is not one caused by accidental means (Powley v. Equitable Life Assur. Soc., 257 App. Div. 324, affd. 284 N. Y. 664). In that case this court said (G-lennon, J.) at page 326: “ Where, as in this case, an assured consumes an amount of alcohol sufficient to cause acute alcoholism and dies as a result thereof, we are of the opinion that the death does not occur through ‘ accident means ’ or ‘ by means of an accident.’ ”
To sustain a recovery under the terms of the insurance contract plaintiff was required to establish, as he alleged in his complaint, that death of decedent was due solely and exclusively to barbiturate poisoning. This plaintiff did not do.
Evidence adduced on behalf of plaintiff unequivocally established that two factors contributed to decedent’s death, namely barbiturate poisoning and acute alcoholism. As part of his proof there was received in evidence a copy of the assistant medical examiner’s report of the autopsy performed by him upon decedent on the day she died. It revealed that her death was caused by “ Barbiturate (amytol) poisoning. Circumstances undetermined, contributory acute alcoholism.” Other evidence in the plaintiff’s case showed that the deceased had consumed some alcohol during the hours preceding her death and that about four hours before she was found dead she had also taken some “ sleeping pills ”. The only expert witness called by plaintiff was a chemist of high reputation who testified that both barbiturate poisoning and acute alcoholism caused the death; that the alcohol ‘1 helped the lady to die ”. No physician was called by plaintiff to state an opinion that deceased died, as alleged in the complaint, solely and directly by barbiturate poisoning exclusive of all other causes. Since it was shown in plaintiff’s own case that acute alcoholism contributed to decedent’s death, recovery under the policy was precluded and the motion to dismiss, made at the close, should have been granted.
The proof thereafter submitted by defendant in support of its defense served only to reinforce the fact that decedent’s death was due to acute alcoholism as well as to barbiturate poisoning.
In view of the undisputed evidence, it was error not to have granted the motions made at the close of plaintiff’s case and at the close of the whole case to dismiss plaintiff’s complaint. The determination of the Appellate Term should be reversed and the complaint should be dismissed upon the merits, with costs.